IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JIMMY EASTERLING and )
DIAN EASTERLING, )
 )
    Plaintiffs, )
  v. )      2:11-CV-00820-WKW
 )          [WO]
KOLBE & KOLBE MILLWORK )
COMPANY, INC., )
 )
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Jimmy and Dian Easterling bring this action against Defendant Kolbe & Kolbe Millwork Company, Inc. ("Kolbe"), manufacturer of approximately 100 windows that the Easterlings purchased in 1993 for their home. Before the court is Kolbe's Motion for Summary Judgment. The Easterlings oppose summary judgment only on their claims of negligence and fraudulent misrepresentation. (Doc. # 19.) Kolbe filed a reply (Doc. # 20), and the matter has been fully briefed. For the reasons discussed below, Kolbe's motion for summary judgment is due to be granted.

## I. JURISDICTION AND VENUE

Subject matter jurisdiction over this removed action is exercised pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a). The parties do not contest personal jurisdiction or venue, and there are allegations sufficient to support both.

## II.  STANDARD OF REVIEW

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Under Rule 56, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant can meet this burden by presenting evidence showing there is no genuine issue of material fact, or by showing that the nonmovant has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-24.  "[T]he court must view all evidence and make all reasonable inferences in favor of the [nonmovant]" *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995).

Once the moving party has met its burden, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial."  Rule 56(e)(2).  To avoid summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  A genuine factual dispute exists if "a reasonable jury could return a verdict

2

for the non-moving party." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999) (internal quotation marks and citation omitted).

## III. BACKGROUND[1]

In 1993, Plaintiffs Jimmy and Dian Easterling began work on their home, which included about 100 windows and doors manufactured by Defendant Kolbe & Kolbe Millwork Company, Inc. Construction was completed in December of 1997, and by October, 1999, the Easterlings were complaining to Kolbe about problems with the windows. (Summ. J. Resp. 15 (Doc. # 19).) Over the next few months, Kolbe sent out representatives to do inspections, make suggestions, and perform work on the windows.

In early 2005, the Easterlings noticed more problems with the windows and again complained to Kolbe. During a March 2005 inspection, Kolbe's representatives again gave instructions and performed repairs, this time suggesting that the root of the problem was the home's synthetic stucco exterior. In an attempt to remedy the problem, the Easterlings performed repairs on "every single window and door," and claim Kolbe's representatives told them that "ought to solve the problem." (Summ. J. Resp. 4.) Although it is not entirely clear when the repairs were made, there is

---

[1] Although they are far from undisputed, construed in the light most favorable to the Easterlings the facts for the purpose of this motion are as stated.

evidence that all was not well between the parties: A letter from the Easterlings'
lawyer dated May 10, 2005, informed Kolbe that they intended to "purs[ue] the
Easterling's [sic] claims against Kolbe & Kolbe in court."  (Summ. J. Reply 3 (Doc.
# 20).)  The Easterlings eventually followed through with their threat on September
30, 2010, when they filed an action in the Circuit Court of Chilton County that was
later removed to this court.

## IV.  DISCUSSION

In support of its motion, Kolbe argues, among other things, that the Easterlings'
claims are barred by the relevant statute of limitations.  The Easterlings broadly allege
that the limitations period should be tolled and that Kolbe is estopped from asserting
the statute of limitations as a defense.  Part A will analyze the Easterlings' negligent
repair claim and Part B will address their fraudulent misrepresentation claim.

**A.  The Easterlings' negligence claims are barred by the statute of limitations.**

The Easterlings' negligence claim is governed by a two-year statute of
limitations.  *See* Ala. Code § 6-2-38(*l*).  This limitation period begins to run at the time
injury is suffered, whether or not the full amount of damages is apparent at the time
of the first legal injury.  *Chandiwala v. Pate*, 889 So. 2d 540, 543 (Ala. 2004) (internal
citations omitted).  In *Kelly v. Shropshire*, the rule was stated as follows:

> If the act of which the injury is the natural sequence is of itself a legal
> injury to plaintiff, a completed wrong, the cause of action accrued and

4

> the statute begins to run from the time the act is committed, be the actual damage [then apparent] however slight, and the statute will operate to bar a recovery not only for the present damages but for damages developing subsequently and not actionable at the time of the wrong done; for in such a case the subsequent increase in the damages resulting gives no new cause of action. Nor does plaintiff's ignorance of the tort or injury, at least if there is no fraudulent concealment by defendant, postpone the running of the statute until the tort or injury is discovered.

75 So. 291, 292 (1917).[2]   Accordingly, the lodestar for determining when the limitations period began to run on the Easterlings' negligence claim is the time when "actual damage . . . , however slight," became apparent.

By the Easterlings' own evidence, the damage to their windows was apparent in 1999 at the very latest, for that is when the Easterlings complained to Kolbe about leaks and other problems with the windows. (Summ. J. Resp. 2.) And even if that were insufficient to start the limitations period, the Easterlings were undoubtedly aware of problems with the windows and doors in 2005 when Kolbe's representative explicitly stated, "you got a problem," prompting the Easterlings to do repairs on "every single window and door." (Summ. J. Resp. 3.) Whether the limitations period

---

[2] This statement of law may be old, but its authority remains undiminished. Alabama courts have been quoting this passage in full for nearly a century. *See, e.g.*, *Franklin v. Mitchell*, 87 So. 3d 573, 579 (Ala. Civ. App. 2011) (quoting *McWilliams v. Union Pac. Res. Co.*, 569 So. 2d 702, 703-04 (Ala. 1990), quoting in turn, *Garrett v. Raytheon Co.*, 368 So.2d 516, 519 (Ala.1979), quoting in turn, *Home Ins. Co. v. Stuart–McCorkle, Inc.*, 285 So. 2d 468, 473 (1973), quoting in turn, *Kelley v. Shropshire*, 75 So. 291, 292 (1917)).

began to ran in 1999 or 2005, the two-year limitations period had long since expired when the Easterlings filed this action in September of 2010.

The Easterlings, however, argue that they were unaware of the damage until they had their windows inspected in 2010. But the law is clear on this point: "[T]he statute will operate to bar a recovery not only for the present damages but for damages developing subsequently and not actionable at the time of the wrong done." *Franklin*, 87 So. 3d at 579. Even if the Easterlings did not understand the full extent of the damage until 2010, the undisputed evidence shows they had actual knowledge of the damage in 1999. It was upon notice of that damage, "however slight," that the statute began to run, "bar[ring] a recovery not only for the present damages but for damages developing subsequently." *Franklin*, 87 So. 3d at 579. Accordingly, recovery for whatever subsequent damages the Easterlings discovered in 2010 arising from Kolbe's alleged negligence is barred by the statute of limitations that began to run upon discovery of the initial damage. *See Bella Invs., Inc. v. Multi Family Servs*., 2012 WL 1918520 (Ala. Civ. App.) (precluding subsequent negligent repair claim brought after the statute of limitations passed because the claim was associated with the original damage).

The Easterlings also insist Kolbe is estopped from invoking the statute of limitations as a defense because Kolbe "made attempts to repair the problem at Plaintiff[s'] home and Plaintiff[s] relied on [Kolbe] to properly perform said repairs." (Summ. J. Resp. 15.)  To that end, the Easterlings cite *Mason v. Mobile County* to argue that a defendant who "innocently or fraudulently" makes representations that induce a plaintiff to refrain from suing, may be estopped from invoking the statute of limitations.  *Mason v. Mobile Co.*, 410 So. 2d 19, 21 (Ala. 1982).

The Easterlings, however, mischaracterize the rule from *Mason.*  In that case, the "sole issue [was] whether a person's representations that damages will be repaired which mislead a potential plaintiff into believing that he or she can postpone bringing a claim may toll the statute of limitations."  *Mason*, 410 So. 2d at 21.  There, the defendant had prevented the plaintiff from filing suit with promises the damage would be repaired at some later date (promises that went unfulfilled).  Here, there is no evidence that Kolbe made any such statement or asked the Easterlings to refrain from suing until Kolbe took further action.  Instead, the Easterlings' evidence shows only that Kolbe made repairs in 2005 and said, "that ought to solve the problem."  (Summ. J. Resp. Ex. A 179.)

Such a statement, however, is insufficient to toll the statute of limitations.  The Alabama Supreme Court has held "vague assurances" that do not "affirmatively

7

induce [a plaintiff] to inaction" do not estop a defendant from asserting a statute-of-limitations defense.  *Moore v. National Sec. Ins. Co., Inc.*, 477 So. 2d 346, 348 (Ala. 1985).  The Easterlings' own evidence shows that Kolbe made no warranty, either oral or written, that the 2005 repair would be effective.  (Summ. J. Resp. Ex. A 179.) Stating that a repair "ought to solve the problem" does not amount to a promise that the problem is solved.  Accordingly, the statement the Easterlings attribute to the defendant was nothing more than a vague assurance, not the sort of affirmative inducement to inaction necessary to preclude Kolbe's statute-of-limitations defense.

## B.  The Easterlings have failed to offer evidence supporting a claim of fraudulent concealment.

In addition to negligence, the Easterlings also assert a claim of fraudulent concealment against Kolbe.  Even before considering the relevant law, a common-sense question reveals this claim's fatal flaw:  What, exactly, did Kolbe conceal?  It was certainly not damage.  By the Easterlings' own evidence Kolbe's representative openly told the Easterlings there was a problem with the windows, and the Easterlings had actual notice their windows were rotting.  (Summ. J. Resp. 3.)  Nor did Kolbe conceal the cause of the problem, for the Easterlings' evidence shows they knew there were problems with moisture penetration in 1999 when they complained of leaks. (Summ. J. Resp. 2.)  The Easterlings cannot even argue that Kolbe concealed the existence of a potential cause of action:  The Easterlings had independent counsel and

threatened to sue in 2005 (Summ. J. Reply 3), although they chose not to pursue that threat for half a decade.  What is clear is that Kolbe admitted both the existence of the damage and its cause, and the Easterlings had actual notice of not only the damage but the availability of legal relief.  The only thing Kolbe ever denied was its liability for the damages.  And simply denying liability cannot be sufficient; otherwise, every unsuccessful defendant would be guilty of fraud.  Accordingly, common sense would suggest the Easterlings' claim for fraudulent misrepresentation must fail.

This result is in accord with common sense.  A *prima facie* case of fraudulent misrepresentation requires evidence of four elements: "(1) [a] false representation (2) of a material existing fact (3) relied upon by the plaintiff (4) who was damaged as a proximate result of the misrepresentation."  *Ala. Psychiatric Servs., P.C. v. 412 S. Court St., LLC*, 81 So. 3d 1239, 1247 (Ala. 2011) (quotations omitted) (emphasis in original).  Assuming that the Easterlings have properly pled their cause of action for fraud, consideration of their evidence shows their *prima facie* case of fraud fails before it ever gets started.

The only statement in evidence that could conceivably qualify as a false representation of material fact is the one made by Kolbe's representative who said of the 2005 repairs:  "that ought to solve the problem."  But such a statement falls under the rule that "statements of opinion amounting to 'puffery' or predictions as to events

to occur in the future are not statements concerning material facts upon which individuals have a right to act and, therefore, will not support a fraud claim." *Mason v. Chrysler Corp.*, 653 So. 2d 951, 953-54 (Ala. 1995).  "[T]hat ought to solve the problem" is nothing if not a statement of opinion and a prediction of future events.

When Kolbe wrote a letter expressly denying liability for the moisture problems and disclaimed any ongoing responsibility to the Easterlings in April of 2005 (Summ. J. Br. 6), the Easterlings responded by threatening to sue.  Had the Easterlings pursued their threat, perhaps they may have prevailed on the merits.  But as things stand now, their negligence claim is time barred, and they have presented insufficient evidence to establish a prima facie case of fraudulent misrepresentation.

## V.  CONCLUSION

Plaintiffs have failed to present evidence creating a genuine issue of material fact regarding their claims of negligent repair and fraudulent misrepresentation, and they do not oppose Defendant's motion with regard to their remaining claims. Accordingly, it is ORDERED that Defendant's Motion for Summary Judgment (Doc. # 16) is GRANTED.

DONE this 25th day of September, 2012.

_____/s/ W. Keith Watkins_____
CHIEF UNITED STATES DISTRICT JUDGE